UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIE JAMES HARRIS,

        Plaintiff,                       Case No. 1:22-cv-796

v.                                        Honorable Sally J. Berens

RUM K. JOHNSON et al.,

        Defendants.
_____/

**OPINION**

      This is a civil rights action brought by a state prisoner. Plaintiff previously sought and was granted leave to proceed *in forma pauperis* (ECF No. 9). Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)

      This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

      Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint, as amended, for failure to state a claim against Defendants M. Burgess, Heidi E. Washington, MDOC, and Unknown Deputy Director of the MDOC. The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment claim for cruel and unusual punishment and Fourteenth Amendment claims for violation of Plaintiff's rights to due process and equal protection. Plaintiff's First Amendment retaliation claims against Defendants Johnson and Setzer remain in the case. This Court will grant Plaintiff's motion for leave to file an amended complaint (ECF No. 6) and deny, as moot, Plaintiff's motion for prospective relief (ECF No. 2).

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

I.   **Factual Allegations**

   A.   **Complaint**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Resident Unit Manager (RUM) K. Johnson, Prison Counselor (PC) Setzer, Warden M. Burgess, and MDOC Director Heidi E. Washington, all in their respective individual capacities. (ECF No. 1, PageID.3.)

Plaintiff alleges that he has been held in segregation after the expiration of his detention for class I misconduct. On August 10, 2022, Plaintiff was found guilty of "threatening behavior" and ordered to spend ten days in detention, from August 10, 2022, until August 20, 2022. (ECF No. 1-1, PageID.7.) On August 17, 2022, Plaintiff spoke with Defendant Setzer regarding Plaintiff's anticipated release from segregation. (*Id.*, PageID.10.) At that time, Defendant Setzer told Plaintiff that ECF does not release anyone from segregation on the weekend. (*Id.*) Because August 20, 2022, was a Saturday, Plaintiff would not be released on that day. Additionally, Defendant Setzer told Plaintiff that ECF was unable to release Plaintiff from segregation because ECF was short on bed space, despite Plaintiff's observation that ECF continued to accept new prisoners each week. (*Id.*; ECF No. 1, PageID.2.) Plaintiff filed a grievance related to this policy and practice on August 18, 2022. (ECF No. 1-1, PageID.10; ECF No. 1, PageID.1.)[2]

---

[2] The PLRA requires a prisoner to exhaust available administrative remedies ***before*** bringing suit. 42 U.S.C. § 1997e(a) (emphasis added). Failure to exhaust under 42 U.S.C. § 1997e(a) is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Plaintiffs are not required to specially plead it, and defendants may, by their action or inaction waive it. *Id*. But where a plaintiff's allegations, on their face, show that relief is barred based upon an affirmative defense, a complaint is properly dismissed for failure to state a claim. *Id*. at 215; *see also Barnett v. Laurel*

Plaintiff alleges that Defendants Johnson and Setzer demanded that Plaintiff "sign off on the grievance" or remain in segregation until its resolution. (ECF No. 1, PageID.1.) Plaintiff refused. (*Id.*, PageID.2.) At the time that he filed his complaint, Plaintiff remained in segregation despite having not engaged in any further misconduct. (*Id.*, PageID.2.)

Plaintiff alleges violations of his right to equal protection, as well as violations of his First, Fourteenth, and Eighth Amendment rights. (*Id.*, PageID.3.) He seeks a declaratory ruling and compensatory and punitive damages. (*Id.*)

### B. Motion for Prospective Relief

With his complaint, Plaintiff filed a separate "Motion for Prospective Relief." (ECF No. 2.) Plaintiff asks this Court to order that Defendants Johnson and Setzer release Plaintiff from segregation, claiming that Plaintiff is being held in segregation only in response to Plaintiff's refusal to "sign off" on his grievance of August 18, 2022. (*Id.*)

### C. Motion for Leave to File an Amended Complaint

On September 14, 2022, Plaintiff filed a motion for leave to file an amended complaint, seeking to add Defendants MDOC and Unknown Deputy Director of the MDOC, as well as additional facts related to Plaintiff's continued placement in segregation. (ECF No. 6.) Plaintiff did not attach a proposed amended complaint but included his additional facts within the body of his motion.

---

*Cnty., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. Jul. 17, 2017).

At least with respect to Plaintiff's allegations attacking the "no weekend release" rule, his complaint indicates that an administrative remedy was available, and it was unexhausted. Moreover, because Plaintiff filed so soon after the events of which he complains, it is extremely unlikely that he exhausted any of this claims before filing suit. Because Plaintiff's failure to exhaust is apparent with respect to one part of one claim, and the exhaustion status is unclear as to other claims, the Court will address all of Plaintiff's claims on the merits.

5

In his motion, Plaintiff indicates that, in addition to those claims raised in Plaintiff's original complaint, the MDOC or Unknown Deputy Director of the MDOC purportedly told Defendant Johnson that Plaintiff could not be released from segregation due to a COVID-19 outbreak in Unit 2. (*Id.*, PageID.21.) Plaintiff contends that reason is inconsistent with the fact that ECF continues to accept new prisoners. (*Id.*) Plaintiff was also told that he would be released from segregation once beds become available but, again, has seen new prisoners arrive each week and still has not been released. (*Id.*)

Plaintiff claims that he protested his continued confinement in segregation by "taking his food slot hostage,"[3] resulting in a loss of privileges for five days and top slot lock for seven days. (*Id.*) Plaintiff then went on a hunger strike for four days, at which time Deputy Warden J. Erway (a non-party) and Defendant Johnson agreed to release Plaintiff. (*Id.*) After having eaten seven to eight meals over the course of two-and-a-half days, Plaintiff was released from segregation. (*Id.*)

## II.    Plaintiff's Motion to Amend

This Court will first address Plaintiff's motion for leave to file an amended complaint, in which Plaintiff seeks to add Defendants MDOC and Unknown Deputy Director, as well as new facts related to his being held in segregation (ECF No. 6).

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend his or her pleading once, as a matter of course, in the preliminary stages of a case. Fed. R. Civ. P. 15(a)(1). Here, Plaintiff filed his motion to amend before the service of a responsive pleading

---

[3] An inmate takes his food slot "hostage" by preventing it from being closed, typically by placing his hand or arm in the slot. *See, e.g., Erby v. Ray*, 47 F. App'x 744, 745 (6th Cir. 2002). It is against prison rules and a common form of prisoner misbehavior. *See Annabel v. Armstrong*, No. 1:09-cv-796, 2011 WL 3878379, at *4 n.5 (W.D. Mich. Mar. 30, 2011), *report and recommendation adopted,* 2011 WL 3878385 (W.D. Mich. Aug. 31, 2011).

and has set forth his requested amendments in his motion. Plaintiff is entitled to amend his complaint; therefore, the Court will grant Plaintiff's motion for leave (ECF No. 6).

"Normally, an amended complaint supersedes the original complaint" under Federal Rule of Civil Procedure 15(a). *Pacific Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009). "If, however, the party submitting the pleading clearly intended the latter pleading to supplement, rather than supersede, the original pleading, some or all of the original pleading can be incorporated in the amended pleading." *Clark v. Johnston*, 413 F. App'x 804, 811–12 (6th Cir. 2011) (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)). Plaintiff's proposed amendments were plainly intended to supplement the allegations in his original complaint. Accordingly, the Court will incorporate the entirety of Plaintiff's original complaint, including the exhibits, into Plaintiff's amended pleading. Put differently, the Court will consider all of the original complaint (ECF No. 1) and Plaintiff's proposed amendments (ECF No. 6) as Plaintiff's first amended complaint.

### III.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff alleges violations of his Eighth Amendment right to be free of cruel and unusual punishment, Fourteenth Amendment rights to procedural due process and equal protection, and First Amendment right to be free from retaliation. Each of Plaintiff's claims will be discussed in turn.

### IV. Discussion

#### A. Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. It prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the

progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (internal quotations omitted). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Plaintiff alleges that his continued placement in segregation after August 20, 2022, constitutes cruel and unusual punishment under the Eighth Amendment. The law plainly holds otherwise.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Although Plaintiff was denied certain privileges as a result of his segregation, Plaintiff does not allege or show that he was being denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Moreover, Plaintiff cannot bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury. *See* 42 U.S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Harden-Bey*, 524 F.3d at 795. As a result, Plaintiff fails to state an Eighth Amendment claim.

**B.     Fourteenth Amendment – Procedural Due Process**

Plaintiff alleges that he was held in segregation from August 21, 2022, until the time of his release from segregation without due process of law. (ECF No. 1, PageID.2; ECF No. 6) Without

untangling Plaintiff's claims against the various defendants and their respective roles in Plaintiff's continued stay in segregation, this Court finds that Plaintiff fails to allege any due process violation.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (internal citations omitted).

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995). The *Sandin* Court concluded that mere placement in segregation did not implicate a liberty interest because the segregation at issue in that case—a 30-day placement—did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484; *Wilkinson v. Austin*, 545 U.S. 209,

10

222–23 (2005); *see also Mackey v. Dyke*, 111 F.3d 460, 461 (6th Cir. 1997) (holding that remaining in segregation for an additional 117 days did not impose an atypical or significant hardship).

Consistent with *Sandin*, the Sixth Circuit and others have held that, only where the length of confinement in segregation is "excessive" does it rise to an "atypical and significant hardship," implicating a liberty interest and due process concerns. *Harden-Bey*, 524 F.3d at 793 (holding that three years in segregation with "indefinite" continued placement implicates a protected liberty interest) (citing, *inter alia*, *Skinner v. Cunningham,* 430 F.3d 483, 487 (1st Cir. 2005) (holding that a liberty interest was not implicated because, among other reasons, the length of the plaintiff's segregation "was not excessive"), and *Shoats v. Horn,* 213 F.3d 140, 144 (3d Cir. 2000) (noting that a relevant factor is "the amount of time the prisoner was placed into disciplinary segregation" and stating that "we have no difficulty concluding that eight years in administrative custody . . . is 'atypical' [and significant] in relation to the ordinary incidents of prison life")). An additional month or less in segregation—as alleged by Plaintiff—is by no means excessive under well-established precedent.

As Plaintiff fails to suggest that his stay in segregation at ECF imposed an atypical and significant hardship, and as Plaintiff does not suggest that the matters alleged in his complaint had any impact on the duration of his confinement, this Court finds that Plaintiff fails to allege a due process violation.

    **C.**    **Fourteenth Amendment – Equal Protection**

Though somewhat unclear, Plaintiff appears to claim that the actions of Defendants, in taking in new prisoners while keeping Plaintiff in segregation due to lack of space or concerns related to COVID-19, violated Plaintiff's right to equal protection under the law.

The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The threshold element

11

of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011).

An "equal protection" plaintiff must be similarly situated to his comparators "in all relevant respects . . ." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011); *see also Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) ("'Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'"); *Tree of Life Christian Schools v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018) ("A plaintiff bringing an equal protection claim must be 'similarly situated' to a comparator in 'all relevant respects.'"). Plaintiff fails to make this threshold showing.

Plaintiff's only references to disparate treatment include new prisoners who enter ECF weekly but are not placed in segregation (ECF No. 1, PageID.2), and those prisoners currently housed in general population (ECF No. 6, PageID.20). Yet, Plaintiff fails to plead facts that would indicate that those who were treated differently were similarly situated to Plaintiff in all relevant respects. Under the facts alleged, it is plain that they were not. Indeed, Plaintiff seemingly points to similarly situated prisoners who share Plaintiff's plight of being held in segregation despite the expiration of the original time for their disciplinary detention. (ECF No. 1, PageID.2.) Because Plaintiff fails to plead facts that would plausibly suggest intentional, unlawful discrimination, this Court will dismiss his equal protection claim against all Defendants.

### D. First Amendment – Retaliation

Plaintiff brings claims for First Amendment retaliation, alleging that Defendants Johnson and Setzer demanded that Plaintiff "sign off on the grievance" as resolved or remain in segregation until its resolution. (ECF No. 1, PageID.1.) Plaintiff refused and, as a result, remained in segregation despite having not engaged in any further misconduct. (*Id.*, PageID.2.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

#### 1. Defendants Johnson and Setzer

The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Likewise, assuming at this stage that Plaintiff would have otherwise been released from segregation, requiring that Plaintiff remain in segregation may constitute adverse action for purposes of the First Amendment. *See Hill v. Lappin*, 630 F.3d 468, 474–75 (6th Cir. 2010). Thus, accepting Plaintiff's allegations as true as is required at this stage, Plaintiff's First Amendment retaliation claims against Defendants Johnson and Setzer may not be dismissed on screening.

### 2. Defendants Burgess, Washington, and Unknown Deputy Director of the MDOC

To the extent Plaintiff attempted to plead a retaliation claim against defendants other than Johnson and Setzer, this Court finds that his allegations fall short. Although the protected conduct and adverse actions might be the same, Plaintiff has not alleged any facts from which the Court might infer that the actions of the other Defendants were motivated by Plaintiff's filing of the grievance against Setzer.

Moreover, the other Defendants are not liable for the alleged retaliatory acts of Johnson and Setzer. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." … We have interpreted this standard to mean that "at a minimum," the plaintiff must show that

14

>the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Nothing in Plaintiff's complaint plausibly suggests that Defendants Burgess, Washington, or Unknown Deputy Director of the MDOC were aware of the alleged retaliatory actions of Defendants Johnson and Setzer, let alone that they encouraged, condoned, authorized, or knowingly acquiesced in the same Indeed, Plaintiff's complaint is entirely devoid of facts that would connect any of these Defendants to the alleged retaliation. The Court, therefore, will dismiss Plaintiff's First Amendment claims against Defendants Burgess, Washington, and Unknown Deputy Director of the MDOC.

### E. Defendant MDOC

Finally, Plaintiff may not maintain a Section 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC

is absolutely immune from a Section 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Therefore, Plaintiff's claim against the MDOC is properly dismissed on grounds of immunity.

In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under Section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, Plaintiff's claim against the MDOC also is properly dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b), and 42 U.S.C. § 1997e(c).

### V.     Plaintiff's Motion for Prospective Relief

In his motion for prospective relief, Plaintiff asks this Court to order that Defendants release Plaintiff from segregation. (ECF No. 2.) Whether construed as a request for injunctive relief generally or a motion for a preliminary injunction, Plaintiff acknowledges in his later-filed motion for leave to file an amended complaint that Plaintiff has since been released from segregation. (ECF No. 6, PageID.21.) Accordingly, any request that Plaintiff be released from segregation will be denied as moot.

### <u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants M. Burgess, Heidi E. Washington, MDOC, and Unknown Deputy Director of the MDOC will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment claim for cruel and unusual punishment and Fourteenth Amendment claims for violation of Plaintiff's rights to due process and equal protection. Plaintiff's First Amendment retaliation claims against Defendants Johnson and Setzer remain in the case. This

Court will also grant Plaintiff's motion for leave to file an amended complaint (ECF No. 6) and deny, as moot, Plaintiff's motion for prospective relief (ECF No. 2).

An order consistent with this opinion will be entered.


Dated:   October 20, 2022                             /s/ Sally J. Berens
                                                     SALLY J. BERENS
                                                     U.S. Magistrate Judge