UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE J. HARRIS #292201,

    Plaintiff,

v.

KENDRA JOHNSON, et al.,

    Defendants.

_____/

Hon. Sally J. Berens

Case No. 1:22-cv-796

**OPINION**

    This is a prisoner civil rights action pursuant to 42 U.S.C. § 1983 brought by Plaintiff Willie Harris against Defendants Resident Unit Manager Kendra Johnson and Prison Counselor Clayton Setzer. Presently before the Court is Defendants' Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 23.) Also before the Court are Plaintiff's Motion to Alter or Amend his response to Defendants' motion (ECF No. 27) and Plaintiff's Motion for Prospective Relief pursuant to 18 U.S.C. § 3626. (ECF No. 28). The motions are fully briefed and ready for decision.

    For the reasons that follow, the Court will **grant** Defendants' motion for summary judgment, **grant** Plaintiff's motion to alter or amend his response, and **deny** Plaintiff's motion for prospective relief.

**I. Background**

    Plaintiff is currently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Michigan. The events about which he complains in this action occurred at ECF. Plaintiff alleges that on August 10, 2022, he was found guilty of "threatening behavior" and ordered to spend ten days in detention, from August 10, 2022, until August 20, 2022. (ECF No. 1 at PageID.1; ECF No. 1-1 at PageID.7.) Plaintiff alleges that

he spoke with Defendant Setzer on August 17, 2022, regarding his anticipated release from segregation. During that conversation, Setzer told Plaintiff that ECF does not release anyone from segregation on weekends, and because August 20 was a Saturday, Plaintiff would not be released on that day. Setzer also told Plaintiff that ECF was unable to release him from segregation because the facility was short on bed space, even though ECF continued to receive new prisoners. (ECF No. 1 at PageID.2; ECF No. 1-1 at PageID.10.)

Plaintiff filed a grievance about this pattern and practice on August 18, 2022, which was assigned grievance identifier ECF-22-08-1162-22z (the 1162 grievance). (*Id*. at PageID.9–10.) He alleges that Defendants Johnson and Setzer demanded that he "sign off on the grievance" or remain in segregation until the grievance was resolved. (ECF No. 1 at PageID.1.) When Plaintiff refused to sign off on the grievance, Johnson and Setzer kept him in segregation. (*Id.* at PageID.2.)

The 1162 grievance was denied at Step I. (ECF No. 24-3 at PageID.115.) Plaintiff filed a Step II appeal on August 30, 2022. (*Id.* at PageID.113.) The Step II response upholding the Step I denial was issued on September 14, 2022, and returned to Plaintiff on September 16, 2022. (*Id.* at PageID.113–14.) Plaintiff filed a Step III appeal, which was received by the Office of Legal Affairs on September 23, 2022. The Step III appeal decision upholding the denial was issued on October 6, 2022. (*Id.* at PageID.107, 112.)

Plaintiff filed his complaint in this action on August 31, 2022. Following initial review by the Court pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c), Plaintiff's remaining claims are his retaliation claims against Defendants. (ECF No. 10 at PageID.51; ECF No. 11.) Defendants now move for summary judgment, arguing that Plaintiff's claims must be dismissed for failure to exhaust his administrative remedies.

## II.  Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### III. Discussion

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court stated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedure for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue is believed to fall within the jurisdiction of Internal Affairs." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ Q (effective 03/18/2019). If this attempt is unsuccessful (or is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* The issues asserted in a grievance "should be stated briefly but concisely," and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ S.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ DD. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ HH. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

In support of their motion, Defendants attach a Step III Grievance Report dated October 24, 2022, showing grievances that Plaintiff exhausted through Step III through the date of the report. (ECF No. 24-3.) The Step III report shows that the 1162 grievance is the only grievance regarding the claim at issue that Plaintiff pursued through Step III. The Step III report further shows that the grievance was received at Step III on September 23, 2022, and the decision was mailed to Plaintiff on October 6, 2022. (*Id.* at PageID.107.)

Defendants have demonstrated that Plaintiff failed to properly exhaust his claims against them for two reasons. First, Plaintiff alleges that the 1162 grievance was his protected conduct that served as the basis for his retaliation claim. Because the 1162 grievance preceded the alleged retaliation, it could not have served to exhaust a retaliation claim that arose only after Plaintiff filed it. *See Rush v. Newcomb*, No. 19-2013, 2020 WL 5270438, at *2 (6th Cir. July 8, 2020) ("The First Grievance was the alleged protected activity and thus did not exhaust Rush's retaliatory-misconduct-report claim."); *Glenn v. Lamp*, No. 1:19-cv-803, 2021 WL 3293632, at *3 (W.D. Mich. June 28, 2021), *report and recommendation adopted*, 2021 WL 3287763 (W.D. Mich. Aug. 2, 2021) (stating that while the plaintiff's kite complaining about the defendant might have

5

satisfied the protected conduct element of a retaliation claim, it could not have exhausted the claim because exhaustion presents a separate issue).

Second, Plaintiff failed to fully exhaust the 1162 grievance through all three levels of the grievance process before filing his complaint in this action. Proper exhaustion requires that the prisoner complete the administrative process before filing his complaint. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (stating that "we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed"); *Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898870, at *2 (6th Cir. Dec. 17, 1998) (holding that the prisoner's "attempt to exhaust his available administrative remedies only after filing suit in federal court ignore[d] the clear mandate of § 1997e(a)"). As noted above, Plaintiff filed his complaint on August 31, 2022, before he had received a Step III response (and before he had even filed his Step III appeal). Therefore, Plaintiff's claims against Defendants are not fully exhausted and are subject to dismissal without prejudice.

Plaintiff does not address these arguments in his response. Instead, he argues that Defendants waived their rights to assert the defense of failure to exhaust by continuing to hold him in segregation for refusing to sign off on the Step I grievance. (ECF No. 26 at PageID.118.) Plaintiff fails to explain how this conduct amounted to a waiver, provides no evidence supporting a waiver, and cites no case in support of this argument. The argument thus lacks merit. In his motion to alter or amend his response, Plaintiff also asserts that Defendant Johnson's participation in investigating the grievance violated the MDOC's grievance policy because she was involved in the issue. (ECF No. 27 at PageID.125.) But even accepting Plaintiff's assertion that Defendant Johnson's participation was contrary to the policy, that fact is immaterial to Defendants' arguments

6

set forth above. Plaintiff could have raised this issue at later steps in the process, but he did not do so. Regardless, his claims remain unexhausted.

Finally, as noted, Plaintiff has filed a motion for prospective relief pursuant to 18 U.S.C. § 3626. (ECF No. 28.) This is simply a refiling of Plaintiff's earlier motion for prospective relief (ECF No. 2.), which the Court denied as moot in its October 20, 2022 Opinion and separate Order because Plaintiff had been released from segregation. (ECF No. 10 at PageID.51; ECF No. 11.) Because Plaintiff fails to allege that the circumstances have changed, and because this matter will be dismissed without prejudice, the motion will once again be denied as moot.

## IV.   Conclusion

For the foregoing reasons, the Court will **grant** Defendants' motion for summary judgment (ECF No. 23), **grant** Plaintiff's motion to alter or amend his response (ECF No. 27), and **deny as moot** Plaintiff's motion for prospective relief. (ECF No. 28.) Accordingly, Plaintiff's claims will be dismissed without prejudice.

An Order consistent with this Opinion will enter.

Dated: June 20, 2023             /s/ Sally J. Berens
                                                                            SALLY J. BERENS
                                                                            U.S. Magistrate Judge